IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| DEBRA S. EGGLI, ) | |
| ) | CASE NO. BK15-41381 |
| Debtor(s). ) | A15-4060 |
| DEBRA S. EGGLI, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 13 |
| ) | |
| vs. ) | |
| ) | |
| CRAIG PETERSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the debtor-plaintiff's motion for summary judgment (Fil. No. 16) and resistance by the defendant (Fil. No 22). David Lepant represents the debtor, and Craig Peterson has appeared on his own behalf. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

Mr. Peterson loaned $1,000 to Ms. Eggli on June 2, 2013. Of that amount, $720 was for two past-due payments on her 2011 Nissan Altima vehicle. They signed a promissory note in which Ms. Eggli agreed to pay back the loan in full in one year or less. On August 5, 2013, Mr. Peterson caused a lien to be noted on the Nissan's title, apparently on the basis of the parties' promissory note. This purported lien is subject to the prior lien of Ally Financial, which financed Ms. Eggli's purchase of the vehicle on September 1, 2012, and recorded its lien on the title on January 3, 2013. On August 21, 2014, Mr. Peterson obtained a judgment in the Lancaster County Court for $1,000 with interest, plus costs. Credit Bureau Services, Inc., has filed a proof of claim in this bankruptcy case based on this judgment.

Ms. Eggli filed a Chapter 13 bankruptcy petition on September 2, 2015. She subsequently filed this adversary proceeding to avoid or strip off Mr. Peterson's lien on her vehicle. She has now moved for entry of summary judgment in her favor, which Mr. Peterson opposes.

None of the documents in evidence indicate that Ms. Eggli intended to give Mr. Peterson a security interest in the vehicle. It is unclear on what authority the Polk County Treasurer noted Mr. Peterson's "lien" on the car's title, as there is no evidence that Ms. Eggli signed any paperwork to

permit that. Moreover, the subsequent county court judgment does not authorize such a lien, either. Neb. Rev. Stat. § 25-1501, *et seq.*

In addition to the lack of documentation granting or authorizing such a lien, Mr. Peterson's purported lien also lacks any value. A debtor's assets are generally valued as of the date the bankruptcy petition is filed. Ms. Eggli submitted an NADA report indicating that the fair market value of her car is $10,850. Ally Financial is owed $12,152.61, leaving no value for any subsequent lien to attach to.

Under the circumstances, Mr. Peterson's lien on the car is not valid, and Ms. Eggli's request to eliminate it is granted. However, this does not erase the debt. It simply means that the debt is unsecured. Under the terms of Ms. Eggli's Chapter 13 plan, she will pay a pro rata amount on her unsecured debts. Mr. Peterson's ownership of the debt is unclear. He has not filed a proof of claim in the bankruptcy case, and the Chapter 13 Trustee's notice concerning claims (Fil. No. 32 in Case No. BK15-41381) suggests that Credit Bureaus Services, Inc., holds the judgment debt, presumably through an assignment from Mr. Peterson, and will receive payments through the plan.

IT IS ORDERED: The debtor-plaintiff's motion for summary judgment (Fil. No. 16) is granted. Mr. Peterson does not hold a valid lien on the debtor's vehicle, and the debt is unsecured. Separate judgment will be entered.

DATED: April 8, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *David Lepant
    Craig Peterson
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.